### CHARLES BERGSTROM v. THE STATE.

1. On the trial of an indictment for failing to report cattle slaughtered for market, under act of November 13, 1866, Chapter 179, the State adduced no proof fixing the offense upon the defendant, and it was proved on the part of the defendant that he did not kill, or assist in killing, the animal as charged, and had no knowledge of the killing. *Held,* that under these facts it was error in the court below to charge the jury, that if they believed the defendant killed the beef for market, or authorized it it to be done, and that he failed to exhibit the hide for inspection, etc., they should find him guilty.

2. The court below instructed the jury, that if they believed that the accused and one J. were partners in butchering beeves for market, then they would inquire if the firm failed to exhibit the hide, and make report with bill of sale, as required by the statute. If they had so failed, then the jury would find the defendant guilty as charged. This is held to be error, because it assumes that the defendant killed the animal, as charged in the indictment.

APPEAL from Bexar. Tried below before the Hon. G. H. Noonan.

There is no occasion for a statement of the facts.

*Chandler, Carleton & Robertson,* for appellant.

*Wm. Alexander, Attorney-General,* for the State.

OGDEN, J. The charge of the court to the jury in this case was not applicable to the facts proven on the trial, and was therefore calculated to mislead, and probably did mislead the jury in their verdict.

There was no evidence before the jury that appellant slaughtered the animal, as charged in the indictment, or that he in any way aided or assisted in slaughtering the same, nor that the animal was slaughtered with the knowledge or consent of appellant. But, on the contrary, it was proven positively that appellant did not kill, nor assist in killing, the animal as charged, and had no knowledge of the killing. It was, therefore, error

in the court to charge the jury, that if they believed the defendant killed the beef for market, or authorized it to be done, and that he failed to exhibit the hide for inspection, etc., then they should find him guilty.

The third charge of the court is still more obnoxious to criticism, as it assumes, without any evidence to support the assumption, that defendant and Jagge did kill the animal as charged, and it instructs the jury, that if they believe the defendant and Jagge were partners, and that they failed to exhibit the hide, make the report with bill of sale, then they should find the defendant guilty.

For these errors in the charge the court should have granted a new trial; and for the error in refusing to grant a new trial the judgment is reversed and the cause is remanded.

Reversed and remanded.